IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES RZEPLINSKI,

    Plaintiff,

v.

DEBBIE TIDQUIST, CHERYL
MARSOLEK, TAMMY MAASEN,
JOHN DOE #1 PRISON GUARD AND
JOHN DOES #2-10,

    Defendants.

ORDER

Case No. 14-cv-41-wmc

    Plaintiff James Rzeplinski, a prisoner incarcerated at the Jackson Correctional Institution in Black River Falls, Wisconsin, has submitted a proposed civil action under 42 U.S.C. § 1983. With the exception of habeas corpus proceedings, the fee for civil actions filed after May 1, 2013 is $400.00 unless a litigant qualifies as indigent under 28 U.S.C. § 1915, in which case the fee is $350.00. Plaintiff has filed a certified copy of his inmate trust fund account statement in support of his motion for leave to proceed without prepaying the fee. (Dkts. #2, 3). After considering the motion and supporting documentation, the court concludes that plaintiff qualifies for indigent status.

    Even when a prisoner litigant qualifies for indigent status, he must pay a portion of the fee returned by the formula set forth in 28 U.S.C. § 1915(b)(1). According to this formula, a prisoner litigant must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint.

    In this case, 20% of the average monthly deposits made to his account is $27.69, but 20% of the average monthly balance in his account is $80.12. Because the greater of the two

amounts is 20% of the average monthly balance, or $80.12, that is the amount plaintiff will be assessed as an initial partial payment of the filing fee. For this case to proceed, plaintiff must submit this amount on or before February 11, 2014.

If plaintiff does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount plaintiff must pay at this time is the $80.12 initial partial payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payment to this court.

ORDER

IT IS ORDERED that,

1. Plaintiff James Rzeplinski is assessed $80.12 as an initial partial payment of the $350 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $80.12 on or before February 11, 2014.

2. If, by February 11, 2014, plaintiff fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily and the case will be closed without prejudice to plaintiff's filing his case at a later date.

3. No further action will be taken in this case until the clerk's office receives plaintiff's initial partial filing fee as directed above and the court has screened the complaint as required by the PLRA, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue.

Entered this 23rd day of January, 2013.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge