IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES RZEPLINSKI,

                        Plaintiff,                              OPINION & ORDER

    v.

                                                              14-cv-41-jdp

CHERYL MARSOLEK, TAMMY MAASEN,
and GREGORY KREYER,[1]

                      Defendants.

---

In this case, plaintiff James Rzeplinski, an inmate at the Jackson Correctional Institution, is proceeding on Eighth Amendment claims against defendant prison officials Cheryl Marsolek, Tammy Maasen, and Gregory Kreyer for removing him from a program to treat his hepatitis C. Currently before the court are plaintiff's motions for appointment of counsel, motion to amend the complaint, and motion for preliminary injunctive relief, as well as defendants' motion for summary judgment based on plaintiff's failure to exhaust his administrative remedies. Because I conclude that plaintiff has failed to exhaust his administrative remedies, I will grant defendants' motion and dismiss the case. Plaintiff's motions will be denied.

ANALYSIS

1.      **Recruitment of counsel**

Plaintiff has filed two motions for appointment of counsel. Dkt. 11, 20. The term "appoint" is a misnomer, as I do not have the authority to appoint counsel to represent a pro se plaintiff in this type of a case; I can only recruit counsel who may be willing to serve in that

---

[1] Plaintiff was originally granted leave to proceed against a "John Doe" correctional officer. Pursuant to procedures outlined in the June 2, 2014 preliminary pretrial conference order, plaintiff identified Gregory Kreyer as the Doe defendant, Dkt. 28, and the caption has been amended accordingly.

capacity. A court will seek to recruit counsel for a pro se litigant only when he demonstrates that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007). Plaintiff does not show that the immediate task at hand, defending against the motion for summary judgment based on exhaustion, is a task beyond his abilities. To the contrary, plaintiff has presented well-articulated, albeit unsuccessful, briefing on the motion. As discussed further below, the real problem for plaintiff is that he did not file a formal inmate grievance at the proper time. Because locating counsel would not materially alter the exhaustion analysis, I will deny his motions.

2.     **Amended complaint**

Plaintiff has filed a motion for leave to amend his complaint, Dkt. 25, along with a proposed amended complaint, Dkt. 26. Plaintiff seeks to (1) reinstate Debbie Tidquist as a defendant (she was dismissed in the April 7, 2014 screening order), now alleging that she had knowledge of the denial of his treatment; and (2) add another claim against defendant Kreyer for violating Wisconsin statues and Administrative Code provisions by passing out medication without being qualified to do so.[2]

This court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, there is no reason to allow plaintiff to amend his complaint at this time. First, as stated further below, plaintiff's claims regarding his hepatitis C treatment are being dismissed because he failed to exhaust his administrative remedies. A new claim against Tidquist would immediately be dismissed for the same reason. As for the claim against Kreyer for distributing medication, a violation of state statutes or administrative code provisions does not

---

[2] Plaintiff explicitly asserts this claim against "John Doe #1 Prison Guard," Dkt. 26, at 4, but he later identified the Doe defendant as Kreyer, Dkt. 28.

create a federal claim. *See Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006) ("the violation of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established."). Plaintiff's grievance history shows that he has not exhausted his administrative remedies on this claim, so adding it would be futile.

3.  **Exhaustion of administrative remedies**

To succeed on a motion for summary judgment, the moving party must show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broad. Grp.*, 414 F.3d 686, 692 (7th Cir. 2005). All reasonable inferences from the facts in the summary judgment record must be drawn in the nonmoving party's favor. *Baron v. City of Highland Park*, 195 F.3d 333, 338 (7th Cir. 1999).

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and "applies to all inmate suits." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The purpose of administrative exhaustion is not to protect the rights of officers, but to give prison officials a chance to resolve the complaint without judicial intervention. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 537-38 (7th Cir. 1999) (exhaustion serves purposes of "narrow[ing] a dispute [and] avoid[ing] the need for litigation").

Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In Wisconsin, the administrative code sets out the process for a prisoner to file a grievance and appeal an adverse decision through the Inmate Complaint Review System ("ICRS"). Wis. Admin. Code §§ DOC 310.07 (laying out four-step review process) and DOC 310.09 (setting rules for content and timing of grievances). Failure to follow these rules may require dismissal of the prisoner's case. *Perez*, 182 F.3d at 535. However, "[i]f administrative remedies are not 'available' to an inmate, then the inmate cannot be required to exhaust." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Because exhaustion is an affirmative defense, defendants bear the burden of establishing that a plaintiff failed to exhaust his available remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

In the present case, the facts are not disputed. Defendants argue that plaintiff did not file an inmate grievance about his hepatitis C treatment before filing this lawsuit. They note that in his complaint, plaintiff acknowledged that he never filed a formal grievance through the ICRS procedure but rather sent a letter he terms a "complaint by law" directly to the DOC secretary.[3] Dkt. 1, at 16. The secretary's office received this letter on December 5, 2013. DOC Bureau of Health Services staff member Jodi DeRosa responded to plaintiff in a letter dated January 13, 2014, stating in part as follows:

---

[3] In his opposition brief, plaintiff states that he *has* filed a grievance, No. JCI-2014-11035. Dkt. 23, at 5; Dkt. 24-1, at 3. However, he filed this grievance months after filing this lawsuit, which means that the grievance cannot serve to exhaust his remedies for the purposes of this suit. *Ford v. Johnson*, 362 F.3d 395, 398-99 (7th Cir. 2004).

> In an effort to review your concerns, I have reviewed the Inmate Complaint Tracking System and it is noted that you have not filed an Inmate Complaint regarding your concerns. It is important health care concerns are addressed by inmate patients through the Health Services Unit. (Security concerns are to be addressed accordingly by contacting the appropriate security supervisor). You are encouraged to work with the health staff at JCI to address your health concerns. If your health concerns are not resolved at this level they should be routed through the Inmate Complaint System (ICS) following the complaint system guidelines. This is the formal grievance process available to you and utilizing this system ensures each health care related complaint is recorded for tracking and trending purposes and is reviewed by the assigned Nursing Coordinator or the appropriate Reviewing Authority. Additionally, inmate patients also have the right to appeal the complaint decision if they do not agree with the first level decision within the required timeframe.

Dkt. 17-2 at 13.

Plaintiff's failure to file an administrative grievance through the ICRS procedure even after being told to do so by DeRosa suffices to show that he failed to exhaust his administrative grievances. Plaintiff contends that he either exhausted his remedies, or should be excused from the requirement, because he filed a "complaint of law" under Article I, Section 4 of the Wisconsin Constitution ("The right of the people peaceably to assemble, to consult for the common good, and to petition the government, or any department thereof, shall never be abridged."); and Wis. Stat. §§ 227.10(2) ("No agency may promulgate a rule which conflicts with state law."); and 301.29(3) ("The department [of corrections] shall investigate complaints against any institution under its jurisdiction or against the officers or employees of the institutions."). But it is well-settled that the state can dictate the process for administrative exhaustion and failure to comply with that process results in a failure to exhaust. *See, e.g., Pozo*, 286 F.3d at 1025 ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."). Plaintiff's "complaint of law"

did not follow the state's procedures and is thus did not serve to exhaust plaintiff's administrative remedies.

I understand the main thrust of plaintiff's arguments to be that the administrative process should not have been considered "available" to him within the meaning of 42 U.S.C. § 1997e(a).[4] In his complaint, plaintiff seems to acknowledge that his "complaint of law" did not follow the normal DOC procedures, but then argues that he was forced to abandon the formal grievance process as "flawed, biased, unreliable, and interfere[ing] with Due Process Rights" because prisoners are required to go "through [the] chain of command" before initiating a grievance. Dkt. 1 at 16. It is true that if plaintiff had filed a formal grievance rather than his unauthorized letter to the secretary, it is possible he would have been told to attempt to resolve his problem informally first. *See* Wis. Admin. Code § 310.09(4) ("Prior to accepting the [inmate grievance], the [complaint examiner] may direct the inmate to attempt to resolve the issue."). But this is not legitimate reason for plaintiff to ignore the ICRS procedures. Because the informal resolution step is part of the grievance procedure, he must follow it in order to fully exhaust his grievance. *See Pozo*, 286 F.3d at 1025.

Plaintiff's other major argument is that the grievance process was not truly available to him because the ICRS examiners could not have granted him the relief he wanted: being placed back in the hepatitis C program. He believes this is so because he "was previously informed by HSU staff, that once a person is on the program, and stops, they cannot restart." Dkt. 23, at 2. I understand plaintiff to be saying that medical staff outside the prison system have concluded

---

[4] Plaintiff has filed a motion for leave to file a sur-reply, Dkt. 29, as well as a proposed sur-reply, Dkt. 30. Although this court generally looks upon sur-replys with disfavor, I will grant his motion. However, the arguments plaintiff raises in his sur-reply largely overlap with those raised in his brief in opposition, and nothing in the sur-reply persuades me that the ICRS procedure was "unavailable" to him.

that plaintiff cannot restart the program, a three-drug regimen, "due to drug resistance," and that a grievance would be futile because the DOC cannot force outside medical professionals to put him back on the program. *Id*. at 3, Dkt. 24-1, at 1. Plaintiff cites to several out-of-circuit cases for the proposition that this makes the grievance process "unavailable." *See, e.g., Hemphill v. New York*, 380 F.3d 680, 690-91 (2d. Cir. 2004) (administrative remedies may be unavailable where prison official's threats stop inmate from filing grievance); *Farnworth v. Craven*, No. CV05-493-S-MHW, 2007 U.S. Dist. LEXIS 19412, at *14 (D. Idaho Mar. 14, 2007) (unpublished) (prisoner seeking new parole hearing need not exhaust grievance system because it had no authority over Parole Commission); *Bumgarden v. Wackenhut Corrections Corp.*, 645 So. 2d 655, 657-58 (La. App. 1994) (prisoner no longer in custody need not exhaust; exhaustion "only required when the procedures have a realistic chance of resolving the dispute.").

None of those cases are binding authority. More important, none of them are factually on point either. For instance, plaintiff is not alleging that he was coerced into not filing a grievance or that he is no longer in DOC custody. The case law binding in this circuit makes clear that the mere unavailability of a particular remedy does not render the grievance process unavailable. *Booth v. Churner*, 532 U.S. 731, 741 (2001) (prisoner must exhaust even though money damages not available in grievance system); *Perez*, 182 F.3d at 537 (same). Even though it is unfortunate for plaintiff that he may not be able to restart the exact treatment plan he was on before, he must still go through the administrative process to give prison officials notice of the problem and give them a chance to rectify it. *Perez*, 182 F.3d at 536. ("No one can *know* whether administrative requests will be futile; the only way to find out is to try.").

Because plaintiff has failed to properly exhaust his administrative remedies, the case must be dismissed without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice). If plaintiff believes that his ongoing

7

hepatitis C treatment is inadequate, he remains free to file a new lawsuit after fully exhausting the grievance process.

Because I am dismissing the case, plaintiff's motion for preliminary injunctive relief will be denied as moot.

ORDER

IT IS ORDERED that:

1. Plaintiff James Rzeplinski's motions for the court's assistance in recruiting him counsel, Dkt. 11, 20, are DENIED.

2. Plaintiff's motion for leave to amend his complaint, Dkt. 25, is DENIED.

3. Plaintiff's motion for leave to file a sur-reply opposing defendants' motion for summary judgment, Dkt. 29, is GRANTED.

4. Defendants' motion for summary judgment based on plaintiff's failure to properly exhaust his administrative remedies, Dkt. 15, is GRANTED. This case is DISMISSED without prejudice.

5. Plaintiff's motion for preliminary injunctive relief, Dkt. 34, is DENIED as moot.

6. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered March 11, 2015.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge